IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| DANIEL B. SMITH dba DAVINCI | § | CASE NO. 04-41212-H2-7 |
| PERFORMANCE PRODUCTS, | § | |
| MARGRET KAREN SMITH | § | |
|     Debtor(s) | § | |
| | § | |
| HOLLEY PERFORMANCE PRODUCTS | § | |
| INC. | § | |
|     Plaintiff(s) | § | ADVERSARY NO. 05-3024 |
| | § | |
|   VS. | § | |
| DANIEL B. SMITH dba DAVINCI | § | |
| PERFORMANCE PRODUCTS, | § | |
| and | § | |
| DA VINCI CARBURETOR, LTD | § | |
| | § | |
|     Defendant(s) | § | |

**MEMORANDUM OPINION IN SUPPORT OF ORDER
GRANTING IN PART AND DENYING IN PART
DEBTORS' MOTION FOR SUMMARY JUDGMENT (doc #29) AND
DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT (doc # 30)**

    In this adversary proceeding, Holley Performance Products ("Plaintiff"), seeks to have an alleged debt owed to it declared nondischargeable under 11U.S.C. §§ 523(a)(2), 523(a)(6), and 727(a)(2), (a)(4)(A), and (a)(5).[1]  The parties filed cross motions for summary judgment.  For the reasons set forth below, partial summary judgment is granted in favor of Mrs. Smith but otherwise both motions are denied.  The Court will issue a separate order for a pretrial conference.

STANDARDS FOR SUMMARY JUDGMENT

    Summary judgment is warranted if a party establishes that there is no genuine dispute about any material fact and the law entitles it to judgment, Fed.R.Civ.P. 56(c).  Rule 56(c) mandates "the entry of summary judgment, after adequate time for discovery and upon motion, against any party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex v. Catrett,* 106 S.Ct. 2548, 2552 (1986).  Fed.R.Civ.P. 56(c) is incorporated into the Federal Rules of Bankruptcy Procedure by rule 7056.

---

[1] The section 727 claim has been previously dismissed by the Court and will not be discussed in this opinion.

All justifiable inferences will be drawn in the nonmovant's favor, *see Anderson v. Liberty Lobby, Inc*., 106 S.Ct. 2505, 2513 (1986), but conclusory affidavits will not suffice to create or negate a genuine issue of fact. *See Reese v. Anderson*, 926 F.2d 494, 498 (5th Cir. 1991); *Shaffer v. Williams*, 794 F.2d 1030, 1033 (5th Cir. 1986). Unless there is sufficient evidence to return a verdict in the nonmovant's favor, there is no genuine issue for trial. *See Anderson v. Liberty Lobby, Inc*., 106 S.Ct. 2505, 2511. Admissibility of Evidence on a motion for summary judgment is subject to the standards and rules that govern evidence at trial. *See Rushing v. Kansas City Southern Railway Co.*, 185 F.3d 496 (5th Cir. 1999), *cert. denied,* 120 S.Ct. 1171 (2000).

Rule 56 of the Federal Rules of Civil Procedure provides:

> (c) … The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

> (e) … When a motion for a summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as to otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for the trial.

## FACTS

The complaint alleges that Daniel B. Smith caused his businesses to enter into contracts with Plaintiff that Mr. Smith never intended to fulfill and that Mr. Smith and his businesses in fact defaulted on those contracts and infringed Plaintiff's trademark and copyright rights.

## LEGAL ANALYSIS

*Debtor's Motion for Summary Judgment*

In its motion for summary judgment (doc. #29), Debtors argue that they are entitled to a summary judgment in this adversary proceeding because Plaintiff cannot establish itself as a bonafide creditor of the Debtors; and therefore Plaintiff has no standing to pursue these claims.

Plaintiff, in its response (doc. #38), argues that they are a bonafide creditor of DaVinci, an entity of which Debtor Mr. Smith is the general partner. In addition, plaintiff points out that the Smiths themselves listed Plaintiff as a creditor on their estate on Schedule F.

A.   **There is no allegation indicating why Plaintiff is a creditor of Mrs. Smith**.

The allegations asserting that Plaintiff is a creditor of Mr. Smith are a stretch, but one that is at least arguable. The Court is at a loss to find allegations in the complaint that would serve as a basis for a trial on Mrs. Smith's alleged liability, and even if she had liability, to serve

as a basis for a trial on whether her liability is nondischargeable. Therefore, Mrs. Smith is entitled to judgment as a matter of law.

In other circumstances, Mrs. Smith's listing Plaintiff as a creditor in her bankruptcy schedules would be sufficient to establish Plaintiff's status as a creditor, at least *prima facie*. But in this complaint, there is simply no allegation of a claim, debt, or wrongful conduct of Mrs. Smith, except the allegation that she listed Plaintiff as a creditor. Not as a matter of summary judgment evidence, but merely as a matter of judgment on the pleadings, as a matter of law, the complaint fails to sate a claim on which relief can be granted as to Mrs. Smith and is dismissed as to her.

B.  **Whether Plaintiff is a bonafide creditor of Mr. Smith presents a genuine issue of material fact**.

Debtors argue that Plaintiff is not a creditor of Mr. Smith, and therefore cannot file an objection to dischargeability of its debt.

Debtors provide the Affidavit of Blake E. Rizzo, counsel for the Debtors. Also attached to the affidavit were copies of the original complaint filed by the Plaintiffs and a certified copy of the Certificate of Limited Partnership of DaVinci Carburetor, LTD, obtained from the office of the Secretary of State for the State of Texas. Debtors assert that the Plaintiff's Complaint only identified DaVinci Carburetor, LTD as the defendant/debtor, not Dan or Margaret Smith. Exhibit B identifies DaVinci Management, LLC as the general partner of DaVinci Management, not the Debtors. The certificate is signed by the managing member of DaVinci Management, Daniel B. Smith. Essentially, the affidavits support the Debtors' assertion that Plaintiff's claim is against DaVinci Carburetor, LTD and DaVinci Management, LLC not the Debtors in the instant case.

Plaintiff contends that it can object to dischargeability of the Debtors' alleged obligation, even though its claim has not yet been proven, citing *In re Vahlsing* 829 F.2d 565, 567 (5th Cir. 1987) which the Court finds persuasive. *Vahlsing* dealt with an objection to discharge, and not an objection to dischargeability of a debt. However, the reasoning would apply to an objection to dischargeability. In that case, the court held that a creditor whose claim had been finally dismissed by a court of competent jurisdiction was not a creditor who could object to discharge. But in reaching that conclusion the court stated:

> Congress limited the groups allowed to object to a Chapter 7 discharge to trustees, creditors and United States trustees. 11 U.S.C. § 727(c)(1). The district court noted that Vahlsing had listed Stanley as a creditor on his original petition for Chapter 7 bankruptcy. Although such a listing does constitute prima facie evidence of a party's interest in the case, *Haley v. Pope*, 206 F. 266 (9th Cir.1913); see also *In re Barrager*, 191 F. 247 (D.C. Iowa 1911), and a party who has not yet proved its claim has the right to oppose discharge, *In re Dockins*, 107 F.2d 33 (7th Cir.1939); *In re Ruhlman*, 279 F. 250 (2d Cir.1922); *In re Wood*, 283 F. 565

(D.C.N.H.1922), a party whose claim has been conclusively disproved cannot object to a debtor's discharge. *Id* at 567.

In the case at bar, Mr. Smith listed Plaintiff as a creditor and that claim has not yet been dismissed by a court of competent jurisdiction. Therefore, the claim is prima facie evidence of the creditor relationship and presents an issue of fact for trial.

For the reasons stated above, the Debtors' Motion for Summary Judgment (docket #29) is DENIED.

*Plaintiff's Motion for Partial Summary Judgment*

In the Plaintiff's motion for partial summary judgment (doc #30), Plaintiff argues that no genuine issues of material fact exist regarding counts I of their complaint, and as such, argue that the debts owed toPlaintiff are excepted from discharge.[2]

The Plaintiffs have provided numerous affidavits in support of their argument that the Debtors have acted fraudulently and dishonestly in regards to the claims brought by Plaintiff. The Debtors, in their response, provide countervailing evidence that indicates that trial is required to assess the evidence and competing contentions. The test for the Court is not the weight or bulk of the affidavits and documents provided, but whether there is a genuine issue of fact, and the Court concludes that there is. Count I asserts that Mr. "Smith and DaVinci ordered parts from Plaintiff knowing that they did not intend to abide by the terms of the Agreement to pay for the Holley parts and/or to protect the Holley ®Trademarks." "Knowledge" and "intent" are inherently factual issues for trial.

## CONCLUSION

Debtors' motion for summary judgment is granted as to Mrs. Smith and denied as to Mr. Smith with respect to the Bankruptcy Code § 523 claims. Plaintiff's motion for summary judgment is denied.

The Court will issue a scheduling order for a final pretrial conference.

SIGNED July 11, 2006

*Wesley W. Steen*

_____
WESLEY W. STEEN
UNITED STATES BANKRUPTCY JUDGE

---

[2] Plaintiff did not seek summary judgment on Count II. And as noted, the Court has by separate order dismissed Count III.